Because I believe that the evidence presented by plaintiff supports the finding of a work-related specific traumatic incident resulting in a back injury and warranting a commensurate award of medical and disability compensation, I respectfully dissent from the majority's opinion and award.
Plaintiff testified that, on or about July 10, 2002, he felt a "pop" in his back while working. Plaintiff informed his supervisor of the incident, but when his supervisor asked him whether he needed medical attention, plaintiff declined. Accordingly, no workers' compensation claim was filed at that time.
On July 15, 2002, plaintiff went to the emergency room and stated that he had been suffering back pain for "a few days," and that it was interrupting his sleep. Plaintiff was referred to Dr. Leighton, whom he saw on July 24, 2002. Dr. Leighton recorded that plaintiff's back had been bothering him for "a couple of weeks," and notes that plaintiff "has been doing a lot of lifting of heavy bags, etc." Plaintiff returned to Dr. Leighton on September 4, 2002, reporting some improvement, but continued aching.
Plaintiff testified that he finally filed a workers' compensation claim in the present case on October 8, 2002, because, although he had been able to pay for all of his medical care to date through private medical insurance, he was concerned about using up all of his vacation and sick days to excuse days missed from work because of his ongoing back pain. Plaintiff testified that, following a medical review of his back, he was restricted to light duty work at that time and, because defendant-employer had no light work available for him, plaintiff took a leave of absence from work.
Although plaintiff had reportedly complained to his supervisor of back pain on previous occasions while working as an unloader for defendant-employer, there is no evidence in the record that such prior back pain had ever resulted in the need for medical care. Furthermore, while none of plaintiff's contemporaneous medical records specify that plaintiff suffered a work-related injury, they are consistent with a significant onset of pain occurring on or about July 10, 2002, as testified by plaintiff. Moreover, Dr. Leighton's records of July 24, 2002, do specifically reference heavy lifting by plaintiff.
Based on the evidence before the Commission, I believe that plaintiff has met his burden in showing that a specific traumatic incident occurred at a judicially cognizable time on or about July 10, 2002, resulting in a compensable injury to his back. Accordingly, I respectfully dissent from the findings of fact and conclusions of law of the majority.
This ____ day of July, 2006.
 S/_____________ THOMAS J. BOLCH COMMISSIONER